**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ajay Suresh,<br><br>          Plaintiff,<br><br>v.<br><br>Schola Incorporated,<br><br>          Defendant. | No. CV-24-02173-PHX-KML<br><br>**ORDER** |

Plaintiff Ajay Suresh, a photographer, filed this suit after defendant Schola Incorporated used Suresh's copyrighted photo without authorization. Schola was served but did not respond and its default was entered. (Doc. 17.) Suresh seeks default judgment in the amount of $18,000 of actual damages or alternatively $30,000 in statutory damages.

The court must consider seven factors when deciding whether to enter default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The seven factors are:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* These factors establish default judgment is appropriate.

**I.      Possibility of Prejudice**

The first factor regarding the prejudice to Suresh weighs in favor of default judgment because if "default judgment is not granted, [Suresh] will likely be without other

recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

## II.     Merits of the Claims and Sufficiency of the Complaint

The second and third factors require assessing the merits of Suresh's claims and the sufficiency of his complaint. These factors "are often analyzed together and require courts to consider whether a plaintiff has state[d] a claim on which [it] may recover." *Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019).

In 2019, Suresh created a photograph titled "Lincoln Center Overview" and registered it with the Register of Copyrights on July 29, 2019. (Doc. 1 at 3.) On February 27, 2022, Suresh discovered Schola copied the photograph on its website to promote its school matching business. (Doc. 1 at 3–4.) Schola never received a license to use the photograph. (Doc. 1 at 3.) Suresh notified Schola its conduct violated copyright law on April 18, 2024, June 12, 2024, July 16, 2024, and July 23, 2024, but the photograph remains on Schola's website. (Doc. 18 at 10, 20.)

To establish copyright infringement, Suresh must demonstrate (1) ownership of a valid copyright and (2) "copying of constituent elements of the work that are original." *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006) (quotations omitted). "Copying can be prove[n] by evidence indicating that the infringer had access to the copyrighted work and that the protected portions of the works are substantially similar." *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 636–37 (9th Cir. 2008). Accepted as true, Suresh's allegations state a strong copyright infringement claim. The second and third factors weigh in favor of default judgment.

## III.    Amount in Controversy

The fourth default judgment factor "requires that the court assess whether the recovery sought is proportional to the harm caused by defendant's conduct." *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). When a large sum is at stake, this factor may weigh against default judgment. *Curtis v.*

*Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014).

Suresh seeks an award of actual damages or alternatively statutory damages. (Doc. 18 at 19.) "Actual damages are usually determined by the loss in the fair market value of the copyright, measured by the profits lost due to the infringement or by the value of the use of the copyrighted work to the infringer." *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 708 (9th Cir. 2004), *as amended on denial of reh'g* (Oct. 25, 2004) (quotations omitted). Suresh alleges his annual licensing fee is at least $4,500 and requests a "scarcity multiplier" of four.[1] (Doc. 18 at 20.) Alternatively, he requests statutory damages of $30,000 due to the purported willful nature of Schola's infringement. (Doc. 18 at 21.) Even assuming Suresh is entitled to the larger amount, the amount in controversy is relatively minimal. *Broad. Music, Inc. v. McDade & Sons, Inc.*, 928 F. Supp. 2d 1120, 1135 (D. Ariz. 2013) ("Plaintiffs' requested amount of $39,000 is reasonable and appropriate."). This factor weighs in favor of default judgment.

## IV.   Dispute Over Material Facts

The fifth factor is whether there are any disputes over material facts. Schola's decision to not participate means there is no indication of such disputes. This factor weighs in favor of default judgment.

## V.   Excusable Neglect

The sixth factor is whether Schola's failure to respond could be due to excusable neglect. Schola was served and there is no evidence of excusable neglect. This factor supports default judgment. *See Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (defendants' failure to respond to complaint could not "be attributable to excusable neglect" because "[a]ll were properly served with the Complaint,

---

[1] "[C]ourts allow scarcity multipliers in unusual circumstances, such as infringement of a photograph depicting stem cells in the 1990s when such images were 'extremely valuable' since they were 'rare,' 'unique,' and 'sought after' at the time." *Serio v. Pregame LLC*, No. 2:21-CV-01940-JAD-NJK, 2023 WL 1073442, at *3 (D. Nev. Jan. 11, 2023), *R&R adopted*, No. 2:21-CV-01940-JAD-NJK, 2023 WL 1072093 (D. Nev. Jan. 26, 2023). But "[c]ourts look with skepticism on generalized assertions of scarcity that do not reflect truly unique circumstances." *Id.* Merely alleging a photograph was "the result of significant skill, effort, and technology is not sufficient for a scarcity multiplier." *Id.* Suresh has not established the photograph here depicting the Lincoln Center plausibly merits application of a scarcity multiplier.

the notice of entry of default, as well as the papers in support of the instant motion.").

## VI. Policy Favoring Decisions on the Merits

The seventh factor recognizes a preference for resolving matters on their merits. This factor, as always, weighs against entry of default judgment. "However, the mere existence of Fed.R.Civ.P. 55(b) indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (quotation marks and citation omitted).

## VII. Default Judgment is Merited

The relevant factors support entry of default judgment, leaving only the issue of damages.

## VIII. Damages

It is Suresh's burden to prove the amount of his damages. *Blumenthal Distrib., Inc. v. Comoch Inc.*, 652 F. Supp. 3d 1117, 1131 (C.D. Cal. 2023). Section 504(c) permits statutory damages "in a sum of not less than $750 or more than $30,000 as the court considers just," or up to as much as $150,000 where the infringement is "willful." 17 U.S.C. § 504(c)(1). Suresh requests $18,000 in actual damages or alternatively statutory damages of $30,000, which requires he establish defendant acted knowingly or willfully.[2]

Schola failed to appear in this action or remove the infringing content after receiving multiple notices that its conduct was infringing. Accordingly, Suresh has sufficiently established Schola's conduct was willful. *Erickson Prods., Inc. v. Kast*, 921 F.3d 822, 833 (9th Cir. 2019) ("[T]o prove willfulness under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of reckless disregard for, or willful blindness to, the copyright holder's rights.") (quotations omitted); *see also Coe v. Red Voice Media Inc.*, No. CV-24-03572-PHX-SPL, 2025 WL 918334, at *4 (D. Ariz. Mar. 26, 2025) (finding willfulness where defendant failed to appear or remove infringing content after receiving

---

[2] Suresh appears to have repeatedly miscalculated the actual damages he seeks because he claims the $18,000.00 represents applying "a scarcity multiplier of 4 to the licensing fee of $4,500." (Doc. 18 at 23.) But Suresh claims the $4,500 is an *annual* licensing factor and Schola has used the photograph for at least two years. The correct calculation would seemingly be $4,500 for the first year, $4,500 for the second year, and a scarcity multiplier of four, resulting in $36,000.

notification).

Because of Schola's willfulness, Suresh requests $30,000 in statutory damages. (Doc. 18 at 21–23.) Courts within this district and the Ninth Circuit regularly award statutory damages between two to four times a copyrighted work's licensing fee in instances of willful infringement without applying a scarcity factor. *See Coe*, 2025 WL 918334, at *4 (collecting cases). Here, Suresh has provided evidence that he would have charged $4,500 per year to license his photograph, totaling $9,000. (Doc. 18 at 22.) It is reasonable and appropriate to multiply that amount by two "to discourage abuse and give effect to the Copyright Act," totaling $18,000. *Broad. Music*, 928 F. Supp. 2d at 1135. Because statutory damages are appropriate, the court exercises its discretion to decline to award prejudgment interest. *See Reiffer v. ATTN.Live LLC*, No. 22-CV-03674-RS, 2023 WL 2775150, at *4 (N.D. Cal. Apr. 3, 2023) ("district courts have been reluctant to award prejudgment interest in cases where a plaintiff is awarded statutory rather than actual damages") (simplified). The statutory damages in this case "already include an amount intended to furnish deterrence" and prejudgment interest is therefore not appropriate. *Id.*

Suresh also seeks entry of a permanent injunction. To obtain an injunction, a plaintiff must show "(1) that [he] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Schola continued its infringing activity after Suresh sent it a demand letter outlining the acts of infringement. That establishes Schola does not respect Suresh's intellectual property rights and given that the work remains on its website there is no guarantee Schola will not continue its infringing acts. Continued infringement would cause Suresh irreparable injury that could not be fully compensated by monetary damages. The balance of hardships favors Suresh and the public interest is not disserved by prohibiting Schola from engaging in conduct contrary to law. The court therefore enters a permanent injunction. *Cf. MGA*

*Entm't, Inc. v. Alltony_Stock*, No. CV 17-08878-RGK-MRW, 2018 WL 1942140, at *4 (C.D. Cal. Apr. 17, 2018) ("Permanent injunctions are routinely granted in cases where, like the instant case, a defendant has not appeared in the action at all.").

Finally, Suresh seeks an award of attorneys' fees and costs. Normally such requests must be submitted separately after judgment is entered. Local Rule 54.2(b)(2). But in the interests of judicial efficiency, the court resolves the request now. Suresh seeks attorneys' fees for 18.30 hours at hourly rates from $150 to $300. The billing records establish reasonable amounts of time were spent on the tasks necessary to file this case and bring it to a close. Suresh is entitled to $4,930 in attorneys' fees. Suresh also seeks $679 for service-of-process fees, $405 in filing fees, and $100 in pro hac vice fees. As the prevailing party, those costs are awarded.

Accordingly,

**IT IS ORDERED** the Motion for Default Judgment (Doc. 18) is **GRANTED**.

**IT IS FURTHER ORDERED** plaintiff is entitled to $18,000 in statutory damages, $4,930 in attorneys' fees, and $1,184 in costs. The Clerk of Court shall enter judgment in favor of plaintiff in the amount of $24,114 and close this case.

**IT IS FURTHER ORDERED** Suresh is awarded post-judgment interest at the statutory rate.

**IT IS FURTHER ORDERED** Schola is permanently enjoined as follows:

1. Schola and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them who receive actual notice of this order by personal service or otherwise, are permanently enjoined from doing, abiding, causing or abetting directly or indirectly any of the following:

    a. Directly or indirectly using the subject copyrighted photo to advertise, market, or promote its business activities in violation of Suresh's copyright.

    b. Reproducing, preparing derivative works, distributing to the public copies of, and/or publicly displaying, without permission from Suresh,

the subject photo registered with the United States Copyright Office as part of a group registered under Registration No. VA 2-164-937, or any portion thereof, or otherwise violating the registered copyright owned by Suresh under 17 U.S.C. § 501.

Dated this 21st day of July, 2025.

_____
Honorable Krissa M. Lanham
United States District Judge

- 7 -